IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JODI LYNN WALDOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 18-1165 |
| ) | |
| ANDREW M. SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 20th day of May, 2020, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 12) filed in the above-captioned matter on April 17, 2019, AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 10) filed on March 18, 2019, and in consideration of the various briefs and supplemental responses filed by the parties (Doc. Nos. 11, 13, 14, 16, 17),

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment is DENIED and that Plaintiff's Motion for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for benefits is VACATED, and the case is REMANDED to the Commissioner to be assigned to a different, constitutionally-appointed administrative law judge ("ALJ") for a new hearing and a new determination as to whether Plaintiff is disabled under the Social Security Act.

1

This case being long-in-the-tooth, there have been several administrative hearings and several ALJ decisions over the long life of the case.  The most recent administrative hearing in this matter was conducted by ALJ Wayne Stanley on March 1, 2018, after this Court had remanded the matter back to the Commissioner for a second time for further consideration.  ALJ Stanley issued his decision denying Plaintiff's claim for benefits on May 2, 2018, and Plaintiff sought review from the Appeals Council.

Subsequently, on June 21, 2018, the United States Supreme Court issued its decision in Lucia v. S.E.C., 138 S. Ct. 2044 (2018), finding that an ALJ of the Securities and Exchange Commission assigned to hear enforcement actions is an "Officer of the United States," subject to the Appointments Clause of the United States Constitution.  The Supreme Court further held that a party "'who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief."  Id. at 2055 (quoting Ryder v. United States, 515 U.S. 177, 182-83 (1995)).  The appropriate relief, given that the ALJ had not been properly appointed under the Appointments Clause, was remand for a new hearing before a different, constitutionally appointed ALJ.  See id.  While Lucia did not purport to address the constitutionality of the ALJs in other federal agencies, in response to the opinion, the President of the United States, on July 10, 2018, issued an executive order stating that "at least some – and perhaps all – ALJs are 'Officers of the United States' and thus subject to the Constitution's Appointments Clause."  Exec. Order No. 13843, 83 Fed. Reg. 32755 (July 10, 2018).  Shortly thereafter, the Acting Commissioner reappointed the ALJs of the Social Security Administration ("SSA") under her own authority.  See S.S.R. 19-1p, 2019 WL 1324866 (S.S.A.), at *2.

Accordingly, at the time of the hearing before ALJ Stanley and as of the date of his decision denying Plaintiff benefits, he was not properly appointed under the Appointments Clause. Plaintiff did not raise this issue at the administrative level, but instead filed her appeal with this Court. However, on January 23, 2020, while this case was pending, the Third Circuit Court of Appeals issued its decision in Cirko v. Comm'r of Soc. Sec., 948 F.3d 148 (3d Cir. 2020), holding that social security claimants "may raise Appointments Clause challenges in federal court without having exhausted those claims before the agency." Id. at 153. It further held that since, by the SSA's own admission, its ALJs had not been properly appointed at the time of the claimant's administrative proceedings, the claimant was entitled to a new hearing before a different ALJ. See id. at 158-60.

Plaintiff's opening brief and reply brief (Doc. Nos. 11 and 14), which were filed well in advance of the Third Circuit's decision in Cirko, did not raise any Appointments Clause issues or reference the Supreme Court's opinion in Lucia. After the issuance of Cirko, however, the Court asked for supplemental briefing as to the impact, if any, of Cirko in this case. In her supplemental response, filed on March 6, 2020, Plaintiff did assert a challenge to the appointment of ALJ Stanley under the Appointments Clause. (Doc. No. 16). The parties do not dispute – and the Court agrees – that the ALJ in this case had not been constitutionally appointed during the relevant time period. Pursuant to Cirko, then, Plaintiff would therefore be entitled to a new hearing before an ALJ other than ALJ Stanley and a new disability determination regardless of whether she raised the issue at the administrative level.

Defendant acknowledges that this Court is bound by the Third Circuit's decision in Cirko.[1] He argues, however, that while Cirko addressed the issue of exhaustion of administrative remedies before the SSA, it did not address the issue of waiver of an Appointments Clause claim at the federal court level. Defendant asserts that, based on well-established principles, Plaintiff waived any Appointments Clause challenge by failing to raise the issue in her opening brief. The Court first notes that, as the Honorable Patricia Dodge recently discussed, although Defendant uses the term "waiver," the issue is not one of waiver, but rather of forfeiture. See Schaffer v. Saul, Civ. No. 19-1153, 2020 WL 2526938, at *2 (W.D. Pa. May 18, 2020). Relying primarily on Barna v. Board of School Directors of Panther Valley School District, 877 F.3d 136 (3d Cir. 2017), Judge Dodge explained that a waiver is the intentional relinquishment or abandonment of a known right, whereas a forfeiture is the failure to make the timely assertion of a right, such as the inadvertent failure to raise an argument. See Schaffer, 2020 WL 2526938, at *2 (citing Barna, 877 F.3d at 147). As in that case, there is no basis in this case for finding that Plaintiff intentionally waived her right to challenge the constitutionality of ALJ Stanley's appointment.

The issue, then, is whether Plaintiff forfeited her Appointments Clause argument by failing to raise it in her opening brief in this case. Forfeiture, in contrast to waiver, occurs when a party negligently fails to address an issue in the opening brief. See Grant for A.D. v. Saul, Civ. No. 18-1338, 2020 WL 1531664, at *1 (E.D. Pa. March 31, 2020) (citing Barna, 877 F.3d at 146-47). "The distinction is important because 'a federal court has the authority to resurrect only forfeited

---

[1] Although Defendant admits that the Court must follow Cirko, he presents his argument challenging the validity of that decision for the purpose of preserving the issue for potential further review. The Court acknowledges that the issue has been raised, but obviously rejects any

claims.'" Schaffer, 2020 WL 2526938, at *2 (quoting Barna, 877 F.3d at 146 n.7). Although courts generally will not reach a forfeited issue absent "exceptional circumstances," they are more apt to do so when the forfeited issue is purely legal in nature. Barna, 877 F.3d at 147. Courts will reach "'a pure question of law even if not raised below when refusal to reach the issue would result in a miscarriage of justice or where the issue's resolution is of public importance.'" Id. (citing Bagot v. Ashcroft, 398 F.3d 252, 256 (3d Cir. 2005)). Among the situations that may constitute exceptional circumstances are where there is uncertainty or intervening changes in the law. See id. (citing Flynn v. Comm'r of I.R.S., 269 F.3d 1064, 1068-69 (D.C. Cir. 2001)).

As discussed above, while Lucia had been decided prior to the initial round of briefing in this case, Cirko had not. Although a plaintiff certainly could have devised an Appointments Clause argument in the social security context based on Lucia, Lucia did not actually address the issue directly. Cirko did. Moreover, as Defendant acknowledges, post-Lucia, most courts had held that plaintiffs who had not raised Appointments Clause challenges at the administrative level had forfeited such challenges. See Griffin v. Comm'r of Soc. Sec., Civ. No. 18-85, 2020 WL 733886, at **9-10 (N.D. Iowa Feb. 13, 2020) (collecting cases). Under these circumstances, the Third Circuit's decision in Cirko made raising a successful Appointments Clause challenge in a social security case far more feasible. This Court finds that the issuance of this decision created exceptional circumstances sufficient for the Court to consider Plaintiff's Appointments Clause arguments even though not raised in her initial briefs. The issue is essentially legal in nature, and the Third Circuit emphasized the importance of the issue in Cirko. See 948 F.3d at 154-55.

---

argument as to the validity of the Third Circuit's decision in Cirko at this procedural stage.

Indeed, given that the decision in Cirko was in large part crafted to prevent parties from forfeiting rights inadvertently by failing to raise them at the first opportunity, it seems appropriate to extend this way of thinking to federal cases such as this one.  Accordingly, the Court will exercise its discretion to consider the Appointments Clause issue raised by Plaintiff.  Accord Schaffer, 2020 WL 2526938; Grant, 2020 WL 1531664; Grant v. Saul, Civ. No. 19-2555, 2020 WL 977323 (E.D. Pa. Feb. 28, 2020).  As the Court explained above, there is no question that in light of Cirko, Plaintiff must prevail on this issue.

Accordingly, this case will be remanded to the Commissioner for a new hearing and determination by a properly appointed ALJ other than ALJ Stanley.  Because the Court is remanding this case on this ground, it does not reach the other issues raised by Plaintiff.  To the extent error is alleged, it should be addressed on remand.  See Hoover v. Saul, Civ. No. 19-579, 2020 WL 1550663, at *2 (M.D. Pa. Apr. 1, 2020) (citing Holst v. Saul, Civ. No. 18-2182, 2019 WL 5457920, at *9 (M.D. Pa. Sept. 10, 2020)).

s/Alan N. Bloch<br>United States District Judge

ecf:            Counsel of record